# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOSHUA WASHINGTON, #155202**                                          **PLAINTIFF**

**v.**                                                  **CAUSE NO. 3:20cv105-HTW-LRA**

**"UNKNOWN" JORDAN, et al.**                                          **DEFENDANTS**

___

### ANSWER AND DEFENSES / AFFIRMATIVE DEFENSES
___

**NOW COME** Defendants, Officer Jordan McQueary, Lt. Daniel Barnett and Officer Jason Moore, by and through their undersigned counsel of record, and file this, their Answer and Defenses / Affirmative Defenses to Plaintiff's [1] Complaint filed in the above styled and numbered cause, as follows:

### FIRST DEFENSE

Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

### SECOND DEFENSE

Plaintiff failed to exhaust the available inmate grievance procedure through the Rankin County Jail prior to filing suit, and accordingly, his Complaint should be dismissed pursuant to the mandates of the Prison Litigation Reform Act.

### THIRD DEFENSE

Defendants possess qualified immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff, and are, therefore, not liable in damages.

**SIXTH DEFENSE**

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of tortious conduct or omission. The actions taken by Defendants, if any, were taken in good faith and in good faith reliance upon then existing law.

**SEVENTH DEFENSE**

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**EIGHTH DEFENSE**

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and are, therefore, not liable in damages.

**NINTH DEFENSE**

As a matter of law, Plaintiff is not entitled to any relief from Defendants.

**TENTH DEFENSE**

Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains. To the extent

events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

### ELEVENTH DEFENSE

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which these Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to Defendants.

### TWELFTH DEFENSE

**NOW COME** Officer Jordan McQueary, Lt. Daniel Barnett, and Officer Jason Moore, by and through counsel, and state that unless specifically admitted herein, Defendants deny any and all allegations of the Complaint.

For answers to the allegations of the Complaint, Defendants state:

1.	In response to the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 6 of Plaintiff's Complaint, Defendants admit that Plaintiff was incarcerated at the time of the incident complained of in the Complaint and that Plaintiff was and is currently an inmate of MDOC. Except where otherwise specifically admitted, the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 6 of Plaintiff's Complaint, including subsections (A.) through (F.) are denied.

2.	In response to the allegations under the heading "**PARTIES**" on page 2 of 6 of Plaintiff's Complaint, Defendants admit that McQueary, Barnett and Moore were employees of Rankin County at the time of the incident complained of in Plaintiff's Complaint. Except

where otherwise specifically admitted, the allegations under the heading "**PARTIES**" on page 2 of 6 of Plaintiff's Complaint are denied.

3. Defendants are without sufficient information and/or belief to admit or deny the allegations under the heading "**OTHER LAWSUITS FILED BY PLAINTIFF**" on page 3 of 6 of Plaintiff's Complaint, and accordingly deny same.

4. In response to the allegations under the heading "**STATEMENT OF CLAIM**" on page 4 of 6 of Plaintiff's Complaint, Defendants admit that on or around January 24, 2020, Plaintiff refused to be taken to court and was involved in an incident with Defendant McQueary. Except where otherwise specifically admitted, the allegations under the heading "**STATEMENT OF CLAIM**" on page 4 of 6 of Plaintiff's Complaint are denied.

5. The allegations under the heading "**RELIEF**" on page 4 of 6 of Plaintiff's Complaint are denied. Further, these Defendants deny that Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief. Defendants deny any and all liability.

6. Any and all allegations against these Defendants on page 5 of 6 of Plaintiff's Complaint, if any, are denied.

7. Any and all allegations against these Defendants on page 6 of 6 of Plaintiff's Complaint, if any, are denied.

**ADMINISTRATIVE REMEDIES PROGRAM**

Defendants specifically deny that Plaintiff has fully and properly complied with the Administrative Remedy Program ("ARP") available to him and affirmatively assert the failure of Plaintiff to exhaust his administrative remedies as an affirmative bar to the

4

maintenance of this civil suit. Failure to exhaust administrative remedies is a jurisdictional condition precedent to the institution or maintenance of this civil action. Without completion of the ARP, Plaintiff cannot maintain the instant action and the same should be dismissed. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992, 452 L. Ed. 2d 12 (2002).

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's Complaint and subsequent pleadings, and having denied any and all liability herein, Officer Jordan McQueary, Lt. Daniel Barnett and Officer Jason Moore set forth the following Special Affirmative Matters:

**FIRST AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity from suit and/or liability herein. These Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

**SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

**THIRD AFFIRMATIVE DEFENSE**

At all times, Defendants acted in good faith reliance upon then existent law and are, therefore, entitled to immunity or a special good faith defense.

**FOURTH AFFIRMATIVE DEFENSE**

At all times complained of, Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent,

without evil motive, without retaliatory motive, and are not guilty of wrongful or tortious conduct.

## FIFTH AFFIRMATIVE DEFENSE

These Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants are not guilty of conduct amounting to deliberate indifference to the rights of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff in his [1] Complaint are frivolous as a matter of fact and/or law and, once dismissed with prejudice, this cause should count as a strike against Plaintiff pursuant to the PLRA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury, damages, loss and/or deprivation, inclusive of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

**TENTH AFFIRMATIVE DEFENSE**

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of Rankin County. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

**TWELFTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of these Defendants, if any, proximately caused any harm, loss or deprivation to Plaintiff.  At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, Defendants' conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.  Plaintiff suffered no injury and his allegations do not arise to the level of a constitutional tort.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants complied with all applicable standards of care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, statute of limitations and waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions, or those of other persons for whom these Defendants are neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of comparative fault and his recovery must be limited accordingly.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against these Defendants, pursuant to FED. R. CIV. P. 8, and accordingly, his claims should be dismissed.

**TWENTIETH AFFIRMATIVE DEFENSE**

These Defendants affirmatively assert and invoke all defenses and rights available unto them as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

**WHEREFORE, PREMISES CONSIDERED,** Officer Jordan McQueary, Lt. Daniel Barnett and Officer Jason Moore request that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 11th day of May, 2020.

>   **OFFICER JORDAN MCQUEARY, LT. DANIEL BARNETT AND OFFICER JASON MOORE - DEFENDANTS**
>
>   **By:**   */s/ Jason E. Dare*
>   **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bpislaw.com
BIGGS, PETTIS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 987-5307
Facsimile:   (601) 987-5307

## **CERTIFICATE OF SERVICE**

      I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Joshua Washington, 155202
Rankin County Jail
221 N. Timber St.
Brandon, MS 39042

**THIS,** the 11th day of May, 2020.

                                                       */s/ Jason E. Dare*
                                                       **JASON E. DARE**