IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSHUA WASHINGTON, #155202**                                        **PLAINTIFF**

**v.**                                                                                          **CAUSE NO. 3:20cv105-HTW-LRA**

**"UNKNOWN" JORDAN, et al.**                                     **DEFENDANTS**
_____

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT PREMISED ON PLAINTIFF'S FAILURE TO
EXHAUST GRIEVANCE PROCEDURE**
_____

**NOW COME** Defendants, Officer Jordan McQueary, Lt. Daniel Barnett and Officer Jason Moore (collectively "the Rankin County Defendants"), by and through their undersigned counsel of record, and in support of their Motion for Summary Judgment premised on Plaintiff's failure to exhaust the inmate grievance procedure at the Rankin County Jail prior to filing suit, state as follows:

      I.     **INTRODUCTION AND STATEMENT OF FACTS.**

Plaintiff executed his Complaint against the Rankin County Defendants on February 23, 2020, although the pleading was not filed with the Court until February 25, 2020. *Complaint* (**Exhibit 1**), pgs. 1 & 4 of 6. Plaintiff's claims are brought pursuant to the procedural vehicle of 42 U.S.C. § 1983 and the Prison Litigation Reform Act ("PLRA"). He is seeking compensatory damages for an alleged altercation that occurred in the Rankin County Jail on or around January 24, 2020. *Id.*, pg. 4 of 6.

Washington was booked into the Rankin County Jail on January 23, 2020 at 9:52 AM premised on a grand jury indictment and capias entered by the Circuit Court of Rankin County. *Inmate Records* (**Exhibit 2**). During the booking process, Washington underwent

an inmate orientation by Rankin County Jail personnel in which he was informed of the Rankin County Jail grievance procedure, and Washington signed an inmate orientation sheet stating that he understood the grievance procedure. *Affidavit of Paul Holley* (**Exhibit 3**), ¶ 3, *see also* **Exhibit 3-B**.

In order to initiate the grievance procedure at the Rankin County Jail, inmates "must request an *Inmate Grievance Form* by writing a letter requesting such and submitting it to the Jail Administrator via any Detention Officer." **Exhibit 3-A**, "Filing the Grievance" § 1. After an inmate has obtained the *Inmate Grievance Form*, he must then complete the top and bottom of the form and place same in a secure grey mailbox located in the housing zone. *Affidavit of Paul Holley*, ¶ 5.

Washington did not submit a written request for a grievance form prior to filing his Complaint on or around February 23, 2020. *Id.*, ¶ 6. The first written request for a grievance form submitted by Washington to the Rankin County Jail is dated May 27, 2020. **Exhibit 3-E**. In Washington's written request for a grievance form, he seeks to be taken off of isolation. *Id.* In response to Washington's written request for a grievance form, Plaintiff was taken off of suicide watch, placed on administrative segregation, and was allowed commissary and phone privileges. *Id.* Washington never submitted a completed *Inmate Grievance Form* to the Rankin County Jail after this internal transfer, and accordingly, never exhausted the inmate grievance procedure. Accordingly, the Rankin County Jail closed this grievance on or around June 4, 2020. *Id.*

Because Washington failed to exhaust the grievance procedure at the Rankin County Jail prior to filing suit, his claims in the instant action are barred by 42 U.S.C. § 1997e(a)

2

and the Rankin County Defendants are entitled to summary judgment on all claims against them.[1]

## II. LEGAL PRECEDENT & ANALYSIS

Rule 56 of the *Federal Rules of Civil Procedure* authorizes the granting of summary judgment in favor of the moving party when it is demonstrated that there exists no genuine issue of *material* fact precluding the granting of judgment in the movant's favor. FED. R. CIV. P. 56. "To that end, federal law forbids prisoners from bringing a § 1983 suit with respect to prison conditions 'until such administrative remedies as are available are exhausted.'" *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019) (per curiam) (quoting 42 U.S.C. § 1997e(a); citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). The Fifth Circuit applies a "'strict approach' to exhaustion", whereby "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their [§ 1983] complaint…." *Porter*, 747 F. App'x at 248 (citations omitted). Where a plaintiff who files suit under the PLRA fails to exhaust his administrative remedies prior to filing suit, "the defendants are entitled to judgment as a matter of law" pursuant to FED. R. CIV. P. 56. *Id*; *see also Brandon v. Davis*, 476 F. App'x 550, 2011 WL 8199236, at *1 (5th Cir. May 24, 2011).

The Fifth Circuit has recently reiterated the mandatory and rigid nature of the exhaustion requirement under § 1997e(a), and its strict adherence to same, as follows:

> The PLRA's exhaustion requirement is no-nonsense. Inmates seeking to challenge prison conditions must exhaust "such administrative remedies as are available" before challenging prison conditions in court. 42 U.S.C. §

---

[1] The Rankin County Defendants reserve the right to file a comprehensive Motion for Summary Judgment on or before the motion deadline set by the Court, which would include these Defendants' right to qualified immunity and the fact that Plaintiff's claims are barred by the PLRA.

>1997e(a). The provision is mandatory, and courts have zero discretion to hear unexhausted claims. *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Indeed, the Supreme Court has "reject[ed] every attempt to deviate" from the PLRA's rigid exhaustion requirement, most recently in *Ross v. Blake*, where it emphatically held that there is no "special circumstances" exception. –– U.S. ––, 136 S. Ct. 1850, 1855, 195 L. Ed. 2d 117 (2016).

*Valentine v. Collier* ("*Valentine II*"), No. 20-20525, 2020 WL 6039993, at *3 (5th Cir. Oct. 13, 2020).

For a prisoner plaintiff to properly exhaust the applicable inmate grievance procedure at a correctional facility, he "must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019) ("A prisoner exhausts all available administrative remedies for a claim only if he or she (1) completes the prison's grievance process (2) in a manner sufficiently specific to give officials a fair opportunity to address the problem that will later form the basis of the lawsuit.") (citations and internal quotations omitted). The purpose and/or reasoning behind the exhaustion mandate of § 1997e(a) is that it allows "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219 (citations omitted).

"A prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.'" *Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009) (quoting *Woodford*, 548 U.S. at 83-84). In other words,

4

"[e]xhaustion must be completed *before* suit; it may not be excused if it occurs while the suit is pending." *Wheater v. Shaw*, 719 F. App'x 367, 369 (5th Cir. 2018) (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)) (emphasis added).

Plaintiff's Complaint should be deemed to have been filed on February 23, 2020 – *i.e.*, when he executed the Complaint and delivered it for filing. *See Brown v. Brown*, No. 3:16cv830-DPJ-FKB, 2018 WL 736504, at *1 n.1 (S.D. Miss. Jan. 16, 2018), *report and recommendation adopted,* No. 3:16cv830-DPJ-FKB, 2018 WL 736266 (S.D. Miss. Feb. 6, 2018).[2] Plaintiff did not submit his first written request for an *Inmate Grievance Form* to the Rankin County Jail until May 27, 2020, or after his Complaint should be deemed filed with the Court. *See Affidavit of Paul Holley*, ¶ 6; **Exhibit 3-E**. Because "[e]xhaustion must be completed *before* suit" and because Plaintiff did not submit any written requests for a grievance form until after his suit should be deemed filed, the Rankin County Defendants' Motion for Summary Judgment should be granted. *See Wheater supra*.

Moreover, Plaintiff's "grievance" in his written request for an *Inmate Grievance Form*, submitted after Plaintiff filed his instant Complaint, bears no relation to the claims asserted in the Complaint. In his request for a grievance form, Plaintiff seeks to be taken off of isolation and/or to be provided various privileges. There is no reference to any alleged altercation on or around January 24, 2020. Because Plaintiff's only grievance submitted to

---

[2] For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999) (unpublished).

*Brown*, 2018 WL 736504, at *1 n.1.

the Rankin County Jail relates to his custody classification and not any allegations in his instant Complaint, the Rankin County Defendants' Motion for Summary Judgment should be granted.

Finally, Plaintiff failed to exhaust the available inmate grievance procedure at the Rankin County Jail (*see* **Exhibit 3-A**) prior to filing suit.  In order to initiate the grievance procedure at the Rankin County Jail, first an inmate "must request an *Inmate Grievance Form* by **writing a letter requesting such** and submitting it to the Jail Administrator via any Detention Officer."  **Exhibit 3-A**, "Filing the Grievance" § 1 (emphasis added).  The inmate will then receive an *Inmate Grievance Form* similar to **Exhibit 3-D**, and the inmate "must complete the top portion of the form providing the information required" (**Exhibit 3-A**, "Filing the Grievance" § 2) and "must complete the bottom portion of the form and provide the following details:

a. Date of the incident;
b. Names of all parties involved;
c. A complete and accurate account of what happened; and
d. What action is being requested to resolve the grievance.

*Id.*, § 3.  The Jail Administrator is to "enter the required information on the lower portion of the form and provide the inmate with a copy of the completed form. If the inmate does not receive a copy of the completed form within two (2) days (excluding weekends and holidays), he/she should request to see the Jail Administrator to determine the status of the grievance." *Id.*, § 4.

Once a completed inmate grievance form is received, the inmate "will receive a *Grievance Hearing Report Form* from the Jail Administrator within three (3) days (excluding

weekends and holidays) stating what, if any, action(s) will be taken regarding the matter." **Exhibit 3-A**, "Processing the Grievance Form", § 2.

"If the inmate is dissatisfied with the decision of the Jail Administrator," he must appeal that decision to "an Appeals Hearing Officer … within three (3) days of receipt of the Jail Administrator's initial decision." *Id.*, "Appeals Procedure", § 1. "The appeal must include the basis for the appeal." *Id.*, § 2. Then, "[a]n appeal hearing will be scheduled as soon as possible", during which "[t]he inmate will be allowed to present his/her grievance to the Appeal Hearing Officer" and "[t]he Jail Administrator or his designee will then present his/her findings and the basis for the initial decision made on the inmate's grievance." *Id.*, §§ 3-4. The Appeal Hearing Officer will then render a decision – either orally, "followed up in writing", or "only in writing." *Id.*, § 5. A copy of the Appeal Hearing Officer's decision is "provided to both the Jail Administrator and the inmate." *Id.*

"Should the inmate disagree with the decision of the Appeal Hearing Officer, he may effect a final appeal directly to the Sheriff." *Id.* This final appeal "must be submitted in writing to the Sheriff within three (3) days of receipt of the Appeal Hearing Officer's decision", in which "[t]he inmate will not have a right to submit additional material/matters not addressed in the initial appeal hearing nor will he/she be allowed to present oral testimony unless approved by the Sheriff." *Id.*, § § 1-2. "The decision of the Sheriff is final." *Id.*, § 3.

Joshua Washington submitted a written request for an *Inmate Grievance Form* on May 27, 2020. **Exhibit 3-E**. He never submitted a completed *Inmate Grievance Form* to the Rankin County Jail. Washington did receive a *Grievance Hearing Report Form* from the Rankin County Jail on June 4, 2020, which detailed the Rankin County Jail's response to

Plaintiff's request for an *Inmate Grievance Form*. This decision was never appealed to the Appeals Hearing Officer and/or the Sheriff. Washington fell multiple steps short of fully exhausting the grievance procedure at the Rankin County Jail. Accordingly, Plaintiff failed to pursue the Rankin County Jail grievance procedure "to conclusion" and the Rankin County Defendants are entitled to judgment as a matter of law. *Porter*, 747 F. App'x at 248 (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

III. **CONCLUSION**

For the above-mentioned reasons, the Rankin County Defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims asserted against them in this civil action, and respectfully request that this Court dismiss any and all claims against them pursuant to the PLRA.

**RESPECTFULLY SUBMITTED,** this 6th day of November, 2020.

                            **JORDAN McQUEARY, LT. DANIEL BARNETT AND JASON MOORE – DEFENDANTS**

                **BY:** _/s/ Jason E. Dare_
                          **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bpislaw.com
BIGGS, PETTIS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:   (601) 713-1192
Facsimile:     (601) 987-5353

8

## **CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Joshua Washington, 155202
Rankin County Jail
221 N. Timber St.
Brandon, MS 39042

**THIS**, the 6th day of November, 2020.

                                                */s/ Jason E. Dare*
                                                **JASON E. DARE**