# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOSHUA WASHINGTON, #155202**                                                      **PLAINTIFF**

**v.**                                                                  **CAUSE NO. 3:20-cv-105-HTW-LGI**

**OFFICER JORDAN MCQUEARY, et al.**                                     **DEFENDANTS**

## REPORT AND RECCOMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Joshua Washington filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983 and the Prison Litigation Reform Act on or around February 23, 2020.  This Court entered its Order [3] soon thereafter, in which Plaintiff was notified that his failure to advise the Court of a change of address may result in his case being dismissed without prejudice.  In the Court's Order [24] entered on December 6, 2020, the Court directed Plaintiff to "file a written response to the Motion for Summary Judgment Premised on Plaintiff's Failure to Exhaust Grievance Procedures [21] on or before January 6, 2021." In the Court's Order [28] entered on February 4, 2021, this Court directed Plaintiff to "return a consent form to the Court by February 24, 2021 if Plaintiff still desires to proceed under the jurisdiction of the Magistrate Judge by consent." Plaintiff failed to comply with Orders [24] and [28]. The Court entered a final Order to Show Cause [31] on March 2, 2021 notifying Plaintiff that "failure to advise the Court of a change of address or failure to fully comply with the Court's Orders to Show Cause will result in the dismissal of this case, without further notice to the Plaintiff." Plaintiff failed to comply with the Court's Orders and has failed to advise the Court of his change of address.

The Court takes judicial notice of the Mississippi Department of Corrections website (ms.gov/mdoc/inmate), which reflected that Plaintiff was moved to Central Mississippi Correctional Facility (CMCF) Unit 720. The Court mailed the Orders to Show Cause [23], [28],

and [31] to CMCF Unit 720. The Court also takes judicial notice that the Mississippi Department of Corrections website presently reflects that Plaintiff moved to Kemper Neshoba Correctional Facility (KCCF) Zone B on March 11, 2021. The Court shall mail this Order to all three known and potential addresses of Plaintiff (including the Rankin County Jail, CMCF, and KCCF). However, the docket reflects that Petitioner has not provided this Court with a current address since he was booked at the Rankin County Jail and he has not communicated with the Court since his video appearance at the Omnibus Hearing on December 1, 2020.  The undersigned therefore recommends that Plaintiff's § 1983 Complaint be dismissed for lack of a case or controversy.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78).  Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"  *Valentine v. Pearson*, No. 5:10-CV-160-DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraght*y, 445 U.S. 388, 396 (1980)).  A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole C some 'collateral consequence' of the conviction." *Spencer*, 523 U.S. at 7.  Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Plaintiff Joshua Washington was in custody at Rankin County Jail when he filed his Complaint, he has not made the requisite showing since his relocation. Consequently, he has not demonstrated that his Complaint presents a concrete and continuing injury for this Court to retain jurisdiction.

The instant Complaint is also subject to dismissal for want of prosecution and failure to comply with the Local Rules requirement to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (*citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Whether a plaintiff is pro se, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

Given Plaintiff's failure to demonstrate a continuing injury since his relocation, as well as his failure to maintain a current address with the clerk of the court, the undersigned recommends that his Complaint be dismissed without prejudice. Alternatively, if Petitioner files a timely objection to this Report and Recommendation, demonstrating that his claims were not rendered moot by his relocation and failure to update the Court, he should be allowed to proceed on his claims.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within fourteen (14) days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within seven (7) days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 21st day of April, 2021.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE